UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORGE LUIS LEAL, | |
| Petitioner, | |
| v. | Civil No. 24-cv-2254-JPG |
| UNITED STATES OF AMERICA, | Criminal No 19-cr-40069-JPG |
| Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Jorge Luis Leal's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). In August 2019, the petitioner was indicted on one count of attempted enticement of a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b) (No 19-cr-40069-JPG, Doc. 16). The Court granted the petitioner's motion to suppress statements obtained in an interview (No 19-cr-40069-JPG, Doc. 71), but the United States Court of Appeals for the Seventh Circuit reversed that decision in an interlocutory appeal (No 19-cr-40069-JPG, Doc. 97). In November 2021, a jury found the petitioner guilty (No 19-cr-40069-JPG, Doc. 107). In May 2022, the Court sentenced the petitioner to serve 120 months in prison, the statutory mandatory minimum sentence (No 19-cr-40069-JPG, Doc. 133). The petitioner appealed his conviction to the Court of Appeals, which on June 29, 2023, affirmed the conviction. *See United States v. Leal*, 72 F.4th 262 (7th Cir. 2023). The Court of Appeals denied a petition for rehearing and rehearing *en banc* on August 2, 2023, and issued the mandate on August 10, 2023 (No 19-cr-40069-JPG, Docs. 158 & 159). The petitioner did not seek a writ of *certiorari* from the United States Supreme Court.

In his timely § 2255 motion, filed September 30, 2024, the petitioner raises the following claims:

Ground 1:   Counsel was constitutionally ineffective in violation of the petitioner's Sixth Amendment rights for failing to seek a sufficient instruction to the jury regarding the meaning of "induce" in the statute of conviction;

Ground 2:   (a) The Government committed prosecutorial misconduct in violation of the petitioner's Fifth Amendment due process rights when it offered the instruction regarding deceptive investigative techniques; (b) Counsel was constitutionally ineffective in violation of the petitioner's Sixth Amendment rights by failing to object to that instruction, especially because the petitioner was asserting the defense of entrapment;

Ground 3:   (a) The Government committed prosecutorial misconduct in violation of the petitioner's Fifth Amendment due process rights when, in closing arguments, it improperly used the petitioner's socioeconomic status and a personal opinion of the his character to inflame the jury's passions against him; (b) Counsel was constitutionally ineffective in violation of the petitioner's Sixth Amendment rights by failing to object to these prosecutorial errors and by failing to request a limiting instruction to confine character evidence to the question of predisposition;

Ground 4:   Counsel was constitutionally ineffective in violation of the petitioner's Sixth Amendment rights by failing to object to jury instructions (a) that did not require unanimous agreement regarding the "substantial step" toward committing the offense and (b) that did not require unanimity regarding which of the two prongs of the entrapment defense—inducement or predisposition—the Government disproved; and

Ground 5:   (a) The Government enforced the statute of conviction in a discriminatory manner based on sexual orientation in violation of the petitioner's Fifth Amendment due process rights because it targeted a website with an audience focused on adult men seeking other adult men for sexual activity; (b) Counsel was constitutionally ineffective in violation of the petitioner's Sixth Amendment rights for failing to object to this selective prosecution.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is not plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on any ground. Therefore, the Court **ORDERS** the Government to file a response to the petitioner's § 2255 motion within **THIRTY DAYS** of the date this order is entered. The Government shall, as part

2

of its response, attach all relevant portions of the record in the underlying criminal case.   The

Petitioner shall have **FOURTEEN DAYS** to reply to the Government's response.

**IT IS SO ORDERED.**
**DATED:   October 30, 2024**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**