UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JORGE LUIS LEAL, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CASE NO. 24-cv-2254 |
| UNITED STATES OF AMERICA, | ) | |
| DEFENDANT. | ) | ***Benton, Illinois*** |

TRANSCRIPT OF MOTION HEARING PROCEEDINGS

BEFORE THE HONORABLE J. PHIL GILBERT
UNITED STATES DISTRICT JUDGE

October 9th, 2025

APPEARANCES:

FOR PLAINTIFF: Peter M. Cohen, Esq.
PETER M. COHEN
225 South Meramec Avenue, Suite 1100
St. Louis, MO 63105
(314) 762-0070
Petecohen@sbcglobal.net

FOR DEFENDANT: Thomas E. Leggans, Esq.
OFFICE OF THE U.S. ATTORNEY
402 West Main Street, Suite 2A
Benton, IL 62812
(618) 439-3808
Thomas.leggans@usdoj.gov

REPORTED BY: Saralyn Hicks Britt, CCR
Official Court Reporter
301 West Main Street
Benton, Illinois 62812
(618) 439-7735
saralyn_hicksbritt@ilsd.uscourts.gov

*Proceedings recorded by mechanical stenography, produced by computer-aided transcription.*

(Proceedings began at 11:01 a.m.)

COURTROOM DEPUTY: All rise. United States District Court for the Southern District of Illinois is now in session. The honorable J. Phil Gilbert presiding. Please be seated.

Leal versus the United States of America. Case number 24-2254. This matter comes before the Court on a motion hearing. Are the parties ready?

MR. LEGGANS: Tom Leggans appearing on behalf of the United States. Good morning, Your Honor.

THE COURT: Good morning.

MR. COHEN: Good morning, Your Honor. Peter Cohen on behalf of Mr. Leal.

THE COURT: Okay. Good morning.

Let the record show that Mr. Leal's attorney, Peter Cohen, is present. Mr. Leggans is present on behalf of the Government. This matter comes before this Court on a hearing, which is basically just a legal hearing where I don't need to take any evidence on the 2255 that Mr. Leal has filed in this case. And there's some -- I guess I have some questions that I want to pose for attorneys to answer during their argument.

What effect should the Court of Appeal's rejection of the plain error in dicta have on this Court's 2255 ruling?

To you, Mr. Leggans, beyond simply relying on the overwhelming evidence of guilt, will you expand your argument about why any error in not rewording the jury instructions,

3.19, the deceptive technique instruction was not prejudicial?

And, Mr. Cohen, do you -- what are you relying on to carry your burden of showing prejudice from the failure to reword that instruction, and what should Counsel have argued to show that this sting operation focused on Grindr was impermissibly discriminatory?

So those are some of the questions, and Mr. Cohen, this is, you know, your 2255 -- your client's 2255, so you can proceed.

MR. COHEN: Thank you, Your Honor. Judge, with respect to the discriminatory --

THE COURT: Can you turn your mic on?

MR. COHEN: Oh, sorry. Judge, with respect to the discriminatory argument, I've -- out of the whole thing, I found that to be less -- maybe one of the lesser -- less strong arguments in the motion, but that could have been argued that he was -- my client was impermissibly targeted due to his sexual orientation, and that -- had Counsel objected to that and moved to strike it that it not be argued, that may have had an effect on the decision in this case if that had been excluded.

In terms of the other points, I mean, the motion's pretty -- sets out quite a few issues, and they're well briefed. Some of the other arguments, Your Honor, the Court raised -- or that I would like to point out to the Court was

the failure to object to the deceptive investigative techniques. That was one of the first issues raised in the motion because, basically, it left the jury with the impression that the Government was allowed to use whatever deceptive techniques they want and that undercut my client's entrapment defense, which he used -- or that was basically the defense at the trial.

The other --

THE COURT: Well, the instruction 3.19 states, "You have heard evidence obtained from the Government's use of undercover agents' deceptive investigative techniques. The Government is permitted to use these technique. You should consider evidence obtained in this way together with any and all -- together with any and in the same way you consider the other evidence."

So you're saying that was an improper instruction?

MR. COHEN: Yes, Your Honor, because it seemed to imply that any evidence of deception was permissible, so my client's argument is that it should have been objected to and not allowed.

THE COURT: I don't think that was objected to at -- during the jury instruction conference, was it, Mr. Leggans?

MR. LEGGANS: No, Your Honor. That was the basis of the 7th Circuit's waiver ruling.

THE COURT: Pardon?

MR. LEGGANS: That was basis for the 7th Circuit's saying it was waived.

MR. COHEN: So that's one of the arguments, Your Honor.

The other -- or I can directly answer the Court's questions, but I was just gonna highlight a couple of my arguments, and...

THE COURT: Yeah, go ahead.

MR. COHEN: The other argument Mr. Leal makes, Your Honor, is that the Court did not adequately instruct about inducement by not defining exactly what the term inducement meant and that there should have been an instruction offered by his Counsel defining or so the jury understood exactly what inducement meant so they didn't have to speculate about that.

The third argument has to do with prosecutorial misconduct, and that, essentially, Your Honor, is when the jury, in closing arguments, Mr. Leggans argued that my client could not have been entraped because he was a successful businessman. That wasn't objected to, and also when Mr. Leggans proffered his opinion that it wasn't Mr. Leal's first time doing something like that, and the jury can infer that -- or actually he said I believe it was his opinion, that that was so, and that was not objected to, and that was prejudicial to my client.

Additionally, Your Honor, there was a -- it was

mentioned in the motion also, that the jury should've had to -- so there was different ways the statute can be violated. Entice, coerce, induce, or persuade a minor to engage in improper or illegal conduct. In this case, the Government argued that he enticed or induced, but we don't know if the jury believed he either enticed or induced because there was no specific finding -- or they were not asked specifically to find how my client violated the statute, which is 18 U.S.C. 2422(b) because they were just -- so we don't know if they all agreed that he enticed, or they all agreed he induced, or some agreed or thought that he enticed, some thought that he induced, so there was no specific factual finding as to that, and, Your Honor, we believe that that should've been requested by his Counsel, and failure to request an anonymous verdict as to that amounted to ineffective assistance of Counsel and prejudiced him, so -- but like I said, Your Honor, the arguments are set out in the motion. Those are some highlights that I wanted to bring to the Court's attention.

THE COURT: Okay.

MR. COHEN: Thank you.

THE COURT: Mr. Leggans.

MR. LEGGANS: Judge, can I come up?

THE COURT: Sure.

MR. LEGGANS: The -- I'll try to address these with an eye toward what the Court said it was most interested in.

The question of what effect should be the appellate court's ruling on the -- to the extent it said that even if -- even if the giving of both instructions, the 3.19 and the entrapment instruction -- even if it hadn't have been waived, they said in what would constitute traditionally dicta that it doesn't -- it wouldn't matter because it was plain error anyway.

What effect should this Court give to appellate court in dicta? I think the Court -- I think the Court would have to necessarily be very cautious not to give it more effect than what the party's pleadings in this case. I mean, it would certainly not an offhand comment by Judge Flaum. He took the time to actually address the issue and note that they had done -- they had basically -- I mean, he doesn't say this, but he says not only is there -- not only is it not plain error, but there's no court in the country that we can find say that it's improper to give these two instructions together.

So I think in response to your first concern, it is admittedly dicta. I think it's considered dicta. I think that -- and I think the fact that it's considered dicta should give this Court pause before it would make a ruling contrary to it, which would involve this Court saying -- reaching the prejudice component and saying that giving both instructions prejudiced the defendant, because necessarily, by saying it

didn't meet the plain error standard, and I set this out in my brief, if it can't meet the plain error standard, it also can't meet the second prong in the Strickland standard.

The -- to the question of prejudice that the Court asked is was there any prejudice from giving both instructions? My take on that is I don't think there was any prejudice because the Government didn't mention the deceptive investigations technique in his closing argument, and there's a reason we didn't do that, and the reason we didn't do that is because the Court said it was going to give the entrapment instruction, and the way -- the reason both of these -- or the way in the cases that I have tried, the way that these -- both of these instructions typically get before the Court is because the Defense will submit their entrapment instruction. If the Court refuses that instruction, then they will argue -- or they sometimes argue that the jury should be offended by the investigation -- investigative techniques that the Government used regardless of whether it was entrapment.

So both of those instructions are typically given to the Court. We typically give the 3.19. The Defense typically gives the entrapment, and then depending upon what the Court does with the entrapment instruction, the 3.19 instruction either becomes relevant, or it sort of drops by the wayside and that's why we didn't -- and that's why we didn't mention it during our closing argument, and I think the only person

who did -- I think, if I remember correctly, Defense Counsel might have made a passing reference to it during his closing argument.

But I'm sorry to meander around a bit, but to get down to your bottom line question as to whether there's any prejudice from this, I would say no because we didn't -- it wasn't mentioned by the Government during its closing argument. The whole focus of the Government's closing argument was rebutting the entrapment defense, and we didn't -- we didn't do that by saying, "Hey, the Judge said that doing this is okay."

So that's how I would answer the Court's prejudice -- the Court's prejudice question with regard to the deceptive practices technique.

THE COURT: Has any -- I think you -- has any court in the country said you can't give the entrapment and the 3.19, investigative techniques, together?

MR. LEGGANS: Not -- no. Not that I'm aware of. I didn't find any, and, apparently, Judge Flaum didn't find any either. The -- and, you know, typically, what generally happens is if -- once the Court makes a -- or just in my personal experience, Judge. I can tell you this. Once the Court makes a ruling on the entrapment decision, if the Defense or the Court says, "Hey, can we get rid of this instruction? I'll say, "Okay." If I'm not asked, I usually

don't bring it up because, at that point, I don't plan to talk about it anyway, and perhaps that's an approach that I should -- I should change going forward, but there's a lot of things that happened in the heat of trial that, you know, unless you don't have them on a checklist, you know, you don't get to them.

But in any event, I don't -- there's really no way you can -- I don't think there's any way that the Court can find prejudice, and especially when giving -- I mean, I don't think Judge Flaum's passage in the legal decision is something that can just be disregarded, whether it's dicta or not.

The -- and have I asked -- before I move on to Counsel's points, have I addressed the Court's questions?

THE COURT: Yes. Yeah.

MR. LEGGANS: With regard to the -- with regard to the argument that -- in the way it's phrased in the Defendant's petition is he's wanting discovery, and to the question of whether or not the Government violated his equal protection rights by use of the Grindr app, I think I addressed that adequately in my response. In order to make a claim under a selective prosecution, he would not just have to show that the Government targeted heterosexuals like himself. He would also have to show that we did so and didn't target -- I'm sorry. That we didn't -- the Grindr app was used to target him as a homosexual but then we didn't use other apps

to target heterosexuals, and as this Court's aware of having set through probably more of these enticement trials than you wanted to, the Government -- the Government didn't discriminate on the basis of sexual orientation as to who it targeted in these enticement schemes.

With regard to the Court's not instructing on inducement, I guess to step back, too, the trouble with trying to hang your hat on instructional error in the 2255 proceeding is the difficulty in establishing Strickland prejudice arising from a mere instructional error that doesn't go to the elements of the offense. Here, Mr. Leal is alleging that the Court should have defined what inducement means. The case law doesn't require that, and also the -- in fact, I believe the case law says that you shouldn't define those terms. That the jury is to give them their plain and ordinary meaning. So not only do I believe it was not error not to define those terms, I believe it would have been error for the Court to attempt to define those terms under existing law.

The argument that there was prosecutorial misconduct when I described the Defendant as a successful businessman, and in that section, during my closing argument, that arises because of the nature of entrapment defense. The entrapment defense, according to the 7th Circuit in McGill is a subjective standard for the jury to apply. So if you have -- let's say you have a defendant who has a gambling addiction,

and the Government offers them the inducement of money, then the jury can take into account the fact that they have a gambling addiction and find that maybe the Government induced that person because of their need for money when another person with different traits wouldn't have been so induced to commit whatever offense the Government was presenting, or in a drug case. You have a drug addict. If the Government offers drugs, then the jury can take into account that the defendant's status as a drug addict and evaluating whether or not the inducement the Government gave overcame their ability to resist committing the crime, and that's because it's a subjective standard.

Now, on the flip side of that, the subjective standard can become a double-edged sword for the defendant, because if you're a successful businessman, if you're college educated, if you're highly intelligent, those are factors -- subjective factors that the Government can talk about in whether or not you should have or could have rejected the inducements that the Government was offering.

So the -- and that's exactly the context in which I made those remarks in my closing argument. I said, "Members of the jury, this defendant was not some lamb in the woods. He was a guy who was successful. He was a guy who ran a business. He was a guy who's used to telling people, 'No,'" and that was entirely appropriate because it's a subjective

standard, whether or not the Government used improper inducements to -- during the transactions leading up to the element of the crime. The -- my statements that this didn't appear to be his first time, and that was a comment that was based on the evidence that was presented. That was based upon the interpretation of the -- of the -- what he said during his confession. And I guess even stepping above and beyond that, to try to hang a 2255 on a closing argument is -- is a massively uphill battle, because, first, there is a -- there's a presumption that the Defendant's Counsel did not object for strategic reasons, so whatever is said has to be so egregious to rise to the level of a constitutional violation, and you also have the added layer that what's said in closing argument isn't evidence.

So for all of those reasons, I would ask the Court to reject that portion of the petitioner's argument.

And, finally, the argument that the Court should have instructed the jury on whether it was enticement or inducement or coercion, I would just point out the Court did that. Your elements instruction was on enticement. It was not on -- your elements didn't instruct, "You may find the defendant guilty if you do these, and you can find him guilty of enticement or inducement or coercion or extortion," or whatever the litany is in the statute, your elements instruction instructed on the one offense of the enticement.

So I think that covers everything I have to say, Judge, unless you have questions.

THE COURT: No. Thank you. Mr. Cohen, anything in response?

MR. COHEN: Just briefly, Your Honor. The -- as the Court's aware, a footnote in an opinion is not necessarily binding on the Court. It's not a holding, and it's not precedence that the Court has to follow, and in terms of the last point Mr. Leggans made, the anonymity request in terms of the entice or induce I think also has to do with the argument that was made in closing by the Government that the Government had argued, legally, they're either enticed or induced, and that's why we believe that an anonymity instruction should've been given so the jury could agree on whether it was one or the other, and, of course, we don't know because, of course, it wasn't given. I mean, the rest of the -- or the reminder of the arguments, Your Honor, as I said, are in the briefing and are well set out there.

THE COURT: Okay.

MR. COHEN: Thank you.

THE COURT: All right. The Court will take this matter further under advisement, and we'll issue an opinion.

MR. COHEN: Thank you, Your Honor.

(The hearing of the above-styled matter was concluded at 11:25 a.m.)

REPORTER'S CERTIFICATE

I, Saralyn Hicks Britt, CSR, Official Court Reporter for the U.S. District Court, Southern District of Illinois, do hereby certify that I reported with mechanical stenography the proceedings contained in pages 1-15; and that the same is a full, true, correct, and complete transcript from the record of proceedings in the above-entitled matter.

DATED this 1st day of December, 2025.

Saralyn Hicks Britt

______________________________

**Saralyn Hicks Britt, CSR**